(99 South. 26)

No. 25093.

### Succession of GEIER.

(Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

Taxation ⊚═865—Heirs of deceased service man, receiving insurance money under War Risk Insurance Act, not subject to state inheritance tax.

Under War Risk Insurance Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 514a et seq.) heirs of a deceased service man, who received insurance money on death of named beneficiary, did not take as heirs, and under section 28 (U. S. Comp. St. Ann. Supp. 1919, § 514nnn¼), exempting proceeds from taxation, need pay no state inheritance tax; the insurance provision of the act being a contract between the United States, its agents, and the persons designated as beneficiaries.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Rule upon the State Inheritance Tax Collector by the heirs of George Charles I. Geier, to show cause why they should not be recognized as his heirs and sent into possession without payment of state inheritance tax. From the judgment, plaintiffs appeal. Affirmed in part, and reversed in part, and rendered.

J. Kenton Bailey, of New Orleans, for appellants.

Harry Gamble, of New Orleans, for appellee Inheritance Tax Collector.

By Division A, composed of O'NIELL, C. J., and BRUNOT and ROGERS, JJ.

BRUNOT, J. This case is submitted by agreement on the facts stated in the petition for appeal.

The facts are that George Charles I. Geier died, leaving war risk insurance, his mother being named as the beneficiary. The mother died before the insured, and as no other beneficiary had been substituted the insurance, at the death of the insured, became payable, under the provisions of the War Risk Insurance Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 514a et seq.), to his surviving father and brothers and sisters.

The state inheritance tax collector for the parish of Orleans was ruled into court by the beneficiaries to show cause why they should not be recognized as the sole heirs of the deceased, and be sent into possession without the payment of any state inheritance tax.

The lower court made the rule absolute to the extent of recognizing the plaintiffs as the sole heirs of the deceased, but required them to pay the state inheritance tax, or, pending final judgment on appeal, to deposit the amount of the tax in dispute in the registry of the court. From that part of the judgment ordering the payment of the tax the plaintiffs have appealed.

Two questions are presented:

(1) Do the heirs at law, who receive insurance from a deceased service man under the provisions of the War Risk Insurance Act receive as heirs or as beneficiaries?

(2) If they receive as heirs, is the insurance exempt from the state inheritance tax?

There are no judicial precedents to guide the court, as neither question appears to have been adjudicated. We must therefore look to the provisions of the act itself for enlightenment, and in doing so we must remember that the act is a war measure, passed in the exercise of a power to which all other rights and powers are subservient.

Section 28 of the War Risk Insurance Act (40 and 41 of the U. S. Statutes at large [U. S. Comp. St. Ann. Supp. 1919, § 514nnn¼]) contains this provision:

"Allotments and family allowances, compensation, and insurance payable under articles II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under articles II, III, or IV; and shall be exempt from all taxation."

The terms of the act are clear and unambiguous. Summarizing its provisions, there is a positive prohibition against all taxation on money paid out by the federal government under section 28, arts. 2, 3, and 4; and the insurance provision thereof is a contract between the United States, its agents, and the persons designated in the act as the beneficiaries of deceased service men. It is a bar to all state legislation which is in conflict with it.

Our attention has been called to the cases which hold that a state may impose an inheritance tax on the obligations and securities of the United States which form part of a succession. In those cases the property fell into the succession, no question of the violation of a contract was raised, and the decisions were based upon the finding that the tax was a tax upon the right to inherit and not a tax upon the property. In this case a contract is involved, and the tax sought to be enforced is a tax upon money paid out by the government under the provisions of the War Risk Insurance Act to the beneficiaries of a deceased service man. It may therefore be said that the jurisprudence established by the cases referred to can have no application to this case.

For these reasons we are of the opinion that the beneficiaries of deceased service men, who receive insurance money under the provisions of the War Risk Insurance Act, do not take as heirs. They come within the permitted class of beneficiaries, because they are the heirs at law or next of kin of the deceased service man, but they are designated in the act as beneficiaries, and they take as such under the contract of insurance to the same extent and in the same manner as the beneficiary named in the policy of insurance would take in the event such beneficiary survived the insured.

"It is not open to question that a state cannot, in the exercise of the power of taxation, tax obligations of the United States." Plummer v. Coler, 178 U. S. 115, 20 Sup. Ct. 829, 44 L. Ed. 998.

For these reasons the judgment of the lower court is affirmed to the extent that it recognized the plaintiffs in rule as the sole and only heirs of George Charles I. Geier, deceased, and it is reversed in all other respects, and it is now ordered, adjudged, and decreed that the rule upon the state inheritance tax collector for the parish of Orleans be made absolute, and that the plaintiffs be recognized as the sole heirs and beneficiaries under the policy of insurance on the life of George Charles I. Geier, deceased, issued in pursuance of the provisions of the War Risk Insurance Act (40 and 41 of the U. S. Statutes at Large); and that they shall receive all moneys paid or to be paid thereunder free of deduction or the payment of any state inheritance tax.

Appellant to pay costs.