TAX COMMISSION OF OHIO *v.* RIFE ET AL.

(Decided July 5, 1927.)

*Mr. Edward C. Turner,* attorney general, and *Mr. V. H. Gibbs,* for plaintiff in error.

*Messrs. Hicks & Hicks,* for defendants in error.

CUSHING, J.   The United States, by legislation in 1914 (38 Stats. at L., 711), amended in 1917 (40 Stats. at L., 102; Section 10248 *et seq.,* Barnes' Fed. Code [U. S. Comp. Stats., Section 514a *et seq.*]), provided for what is designated as war risk insurance.   Earl Stewart was awarded a policy contract, as provided by said acts of Congress, in the sum of

$10,000. He paid the premiums until he was killed in action on a battlefield in France. His mother, Hannah Rife, was named beneficiary in said policy. The United States paid to her the monthly installments until she died in February, 1920. An administrator was appointed by the probate court of Hamilton county, and on November 16, 1925, the United States, through the Bureau of War Risk Insurance, paid to the administrator the then present value of the remaining sums due on said policy, amounting to $9,518. Stewart's aunts and uncles, by Section 13 of the Act of December, 1919 (41 Stats. at L., 375, [U. S. Comp. Stats., Section 514uuu¾]), were designated as being within the permitted class, and payment to them provided for. The act of Congress (41 Stats. at L., 376, Section 15 [U. S. Comp. Stats., Section 514vv(1)]), provided that the permitted class of beneficiaries should be determined by the intestate laws of the state of which the insured was a resident.

The laws governing war risk insurance were consolidated, codified, revised, and reenacted in 1924. These laws, and the subsequent amendment were in force November 16, 1925, when the state of Ohio made the claim that under the inheritance tax laws of Ohio (Section 5332, General Code) the right of said uncles and aunts to the succession of their respective shares of said insurance was taxable. That section provides:

"A tax is hereby levied upon the succession to any property passing * * * to * * * a person * * * when the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death."

The probate court of Hamilton county, Ohio, held that there was due from the administrator out of said fund, and from said aunts and uncles, the sum of $613.05. The court of common pleas, in view of the fact that the entire estate of the decedent, Earl Stewart, consisted of the proceeds of said policy of war risk insurance, held that the inheritance tax laws of Ohio did not apply, and that there was no inheritance tax due from either the administrator or the designated beneficiaries.

This action is prosecuted to reverse that judgment.

The state of Ohio claims that Section 5332, General Code, does not levy the tax on the fund paid by the United States to Stewart's administrator, but is a tax levied on the right of the aunts and uncles to the succession of said property.

The defendants in error claim that, under the provision of the War Risk Insurance Act, the proceeds of said policy are exempt from all taxation, and that there was no succession to property within the meaning of Section 5332, General Code; that the property passed direct from the United States, and that the government adopted the method of paying through an administrator to relieve the Bureau of War Risk Insurance of the expense of ascertaining in each case who the persons were within the permitted class. The succession provided for in Section 5332, General Code, is a right given by the intestate laws of Ohio. The United States had the right to designate those that came within the permitted class of beneficiaries. It did so in entering into this contract of insurance. The succession, if it were such, was not a series of persons con-

formable to the laws of Ohio. It was expressly provided in the War Risk Insurance Act that, in case of reversion, the money or property should revert to the United States. If the succession was to be according to the laws of Ohio, the reversion would have been to the state of Ohio.

The law of the United States is a part of, and is read into, this contract of insurance. Among other things, it provides that the insurance "shall be exempt from all taxation." (40 Stats. at L., 609; Section 10279, Barnes' Fed. Code [U. S. Comp. Stats., Section 514nnn¼]).

A part of Article VI of the Constitution of the United States is:

"This Constitution, and the laws of the United States which shall be made in pursuance thereof, * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding."

The tax commission of Ohio bases its entire claim on the language that the insurance shall be exempt from taxation, claiming that taxing the right of succession is not a tax on the insurance.

This insurance was provided for and awarded when the nation was at war. It was a protective measure for the government, as well as for the insured, and the use of the language, "shall be exempt from all taxation," in view of the fact that the government designated the permitted class and that the laws of Ohio are subject to the laws of the United States on this question, leaves no doubt that the act meant what it said when it provided that

such insurance "shall be exempt from all taxation."

In *Plummer* v. *Coler,* 178 U. S., 115, at page 117, 20 S. Ct., 829, 830 (44 L. Ed., 998), it was said: "It is not open to question that a state cannot, in the exercise of the power of taxation, tax obligations of the United States."

And in the *Succession of Geier,* 155 La., 167, 99 So., 26, 32 A. L. R., 353, it was held:

"Under War Risk Insurance Act, heirs of a deceased service man, who received insurance money on death of named beneficiary, did not take as heirs, and under Section 28 excepting proceeds from taxation, need pay no state inheritance tax; the insurance provisions of the act being a contract between the United States, its agents, and the persons designated as beneficiaries."

Counsel for the tax commission quote from *State, ex rel.,* v. *Ferris,* 53 Ohio St., 314, at page 325, 41 N. E., 579, 580 (30 L. R. A., 218), where the court said: "Properly understood, it is not the right to transmit, but the right and privilege to receive, that is taxed."

We do not question this statement, but, whether it is the property or the right of succession that is taxed, a part of the proceeds of the policy is thus being diverted from those to whom the government said it should go, and paid to the state of Ohio as a tax. In our view, the statute of the United States, which provides that this insurance shall be exempt from all taxation, controls.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., concurs.