## TAX COMMISSION v. RIFE et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3073.  Decided July 5, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1249. WAR RISK INSURANCE—647.  Insurance—635.
Inheritance Tax.

Heirs of deceased service man who received insurance money on death of named beneficiary, do not take as heirs and need not pay state inheritance tax. Proceeds of war risk insurance policy held exempt from all taxation.

Errro to Common Pleas.
Judgment affirmed.

E. C. Turner, Atty. Gen. and V. H. Gibbs, Columbus, for Tax Comm.

W. H. Middleton, Waverly, Amicus Curiae.

Hicks & Hicks, Cincinnati, for Rife et.

### STATEMENT OF FACTS.

The United States, by legislation in 1914, amended in 1917, provided for what is designated as War Risk Insurance. Earl Stewart was awarded a policy contract, as provided by said Acts of Congress, in the sum of $10,000. He paid the premiums until he was killed in action on a battlefield in France, His mother, Hannah Rife, was named beneficiary in said policy. The United States paid to her the monthly installments until she died in February, 1920. An administrator was appointed by the Probate Court of Hamilton County, and, on Nov. 16, 1925, the United States, through the Bureau of War Risk Insurance, paid, to the administrator, the then present value of the remaining sums due on said policy, amounting to $9,518.00. Stewart's aunts and uncles, by Section 13 of the Act of Demember, 1919 (41 Stat. 375), were designated as being within the permitted class and provided payment to them. The State of Ohio made the claim that, under the Inheritance Tax Laws of Ohio, section 5332 GC., the right of said uncles and aunts, to the succession of their respective shares of said insurance, was taxable.

The Probate Court of Hamilton County, Ohio, held that there was due, from the Administrator, out of said fund and from the said aunts and uncles, the sum of $613.05. The Court of Common Pleas, in view of the fact that the entire estate of the decedent, Earl Stewart, consisted of the proceeds of said policy of war risk insurance, held that the inheritance tax laws of Ohio did not apply, and that there was no inheritance tax due from either the administrator of the designated beneficiaries. This action is prosecuted to reverse that judgment.

CUSHING, J.

"The law of the United States is a part of, and read into this contract of insurance. Among other things, it provides: "That the * * * insurance * * * shall be exempt from all taxation."

The Tax Commission of Ohio bases its entire claim on the language that the insurance shall be exempt from taxation, claiming that taxing the right of succession is not a tax on the insurance.

There can be no doubt that the language of the Act meant what it said in providing "shall be exempt from all taxation."

In Plumber v. Coler, 178 US. 115, it was held: "It is not open to question that a state cannot, in the exercise of the power of taxation, tax obligations of the United States."

And in the Succession of Geier, 99 So. 26, it was held: "Under the War Risk Insurance Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, Sec. 514a et seq.) heirs of a deceased service man, who received insurance money on the death of the named beneficiary, do not take as heirs, and under Section 28 (U. S. Comp. St. Ann. Supp. 1919, Section 514 nnn¼), excepting proceeds from taxation, need pay no state inheritance tax; the insurance provision of the Act being a contract between the United States, its agents, and the persons designated as beneficiaries."

In our view, the statute of the United States that provides that this insurance shall be exempt from all taxation, controls."

(Hamilton, PJ., concurs.)