Day, J.
 

 It is well settled that an inheritance or succession tax is not a tax upon the property itself, but upon the right to succeed to the property. It is not the right to transmit, but the right and privilege to receive, that is taxed. The act of Congress
 
 *85
 
 of the United States known as the War Risk Insurance Act, and certain other provisions of particular importance in the determination of the question presented by this record, are here properly set forth, in part:
 

 “If the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award. *■ * * When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to |he estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: * * * Provided further, * * * that in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917.” 43 Stats, at L., 1302, 1310, c. 553, Section 303, March 4, 1925, Title 38, Section 514, U. S. Code.
 

 “That the compensation, insurance, and maintenance and support allowance payable under titles II, III, and IV, respectively, * * * shall be exempt from all taxation * * *.” 43 Stats, at L., 607, 613, c. 320, Section 22, June 7, 1924, Title 38, Section 454, U. S. Code.
 

 
 *86
 
 May the state of Ohio assess these beneficiaries of this war risk insurance upon the right of succession which the laws of the United States granted them? This court, in
 
 Palmer
 
 v.
 
 Mitchell, Admr., 117
 
 Ohio St., 87, 158 N. E., 187, held:
 

 “Under Section 303 of the Act of Congress * * * approved March 4, 1925, if the designated beneficiary survives the insured, and dies prior to receiving all the installments of insurance payable, the present value of the insurance thereafter payable must'be paid to the estate of the insured soldier, and, in case of his intestacy, distributed according to the law of descent and distribution in force at the date of the soldier’s death.”
 

 Nowhere in the case of
 
 Palmer
 
 v.
 
 Mitchell, supra,
 
 was the effect of the provisions of Section 22 of the federal act as to exemption from taxation and freedom from claims of creditors considered. The only question then before this court was as to whom distribution should be made by the administrator of the soldier’s estate, and this court held that the next of kin should be determined as of the date of the soldier’s death, and that payment should be made in that case to the administrator of the deceased brother’s estate, because he was the closest of kin to the soldier at the time of the soldier’s death. The question presented in that case did not involve the liability to a succession or an inheritance tax.
 

 This contract of insurance was between the government of the United States on one side, and the soldier, Earl Stewart, on the other side. It provided, in substance, that in the event of the death of said Earl Stewart the sum agreed upon, in stipu
 
 *87
 
 lated amounts, should be paid to the beneficiary named in the policy. Does the fact that the United States government has taken advantage of the statutes of descent and distribution of the state of Ohio to determine who shall receive the funds in question make such fund any less a payment direct by the United States to such beneficiaries, provided they are within the permitted class? It is to be noted that there shall be no escheat to the state of Ohio, as would be the case in the event the state statutes controlled entirely; but by the Act of March 4,1925, the insurance shall not be paid to the estate of the insured, but shall escheat to the United States and shall be credited to" the United States government life insurance fund or the military and naval insurance appropriation, as may be appropriate.
 

 It is the contention of the defendants in error that the amendment of March 4, 1925, was to relieve the Veterans’ Bureau of the duty of electing and determining next of kin according to the laws of the soldier’s domicile, to whom the present value of the unpaid installments should be paid, and to shift that burden to the administrator appointed at the place of domicile. The administrator thus becomes the trustee or agent of the federal government in passing the fund arising under this policy of insurance to the members of the permitted class who are beneficiaries thereunder. Section 22 of the War Bisk Insurance Act has especially exempted from all taxation the allotments and family allowances, compensation, and insurance payable under the War Bisk Insurance Act. This law was
 
 “a
 
 war measure, passed in the exercise of a power to
 
 *88
 
 which all other rights and powers are subservient. ’ ’
 
 In re Geier,
 
 155 La., 167, 99 So., 26, 32 A. L. R., 353.
 

 It is quite true that the
 
 Geier case, supra,
 
 was decided prior to the amendment of March 4, 1925. The underlying principle, however, is applicable. In the brief of counsel for defendants in error it is said:
 

 “Counsel for plaintiff in error attempt to distinguish the case of
 
 Succession of Geier, supra,
 
 by saying that payment was made to the beneficiary under the policy and not to an administrator, as in the case before this court. But in the Louisiana case the beneficiary designated by Geier had died and he had designated no other. Under the act then in force, the insurance was payable to the closest of ldn within the permitted class, as determined by the laws of the insured’s residence, who, in the
 
 Geier case,
 
 happened to be his father axld his brothers and sisters, and the inheritance tax authorities claimed that they were liable for tax on the money paid under the policy. The Supreme Court of Louisiana held that, although they were not designated in the contract as beneficiaries, since they were within the permitted class, as defined in the act of Congress, they took under the contract of insurance to the same extent and in the same manner as the beneficiary named in the policy would have taken had he survived the insured, and did not take as heirs and next of kin, but as beneficiaries under the contract, although not named therein.
 

 “Neither do the uncles and aunts of Earl Stewart take as heirs, for they are within the permitted class (41 Stats, at L., 375) and they take as beneficiaries under the contract of insurance, and the fact that
 
 *89
 
 the payment was made to them through an administrator does not alter their relation, for such method of payment is adopted solely for the convenience of the government. # *
 
 *
 
 Prior to the Act of March 4, 1925 (43 Stats, at L., 1310), the uncles and aunts, being within the permitted class, were entitled to payment direct from the government, as was done in the
 
 Geier case,
 
 and surely they should not be penalized by being subjected to tax because Congress, for the convenience of the government, has changed the law so as to provide for the payment to them through an administrator. The payment by the government to the administrator is still a payment under the contract to the beneficiaries through the instrumentality of a trustee.”
 

 The question may be stated as follows: If the payment is to the beneficiaries by the government, then under Section 22 of the War Risk Insurance Act there can be no succession tax. If, on the other hand, the payment to the administrator of the deceased ends the connection of the government with the fund in question, then the same becomes subject to the state inheritance tax, the same as any other assets coming from whatsoever source into the hands of the administrator would be subject to the succession tax.
 

 We cannot take this view of the War Risk Insurance Act, and we believe that the same provides for' a payment arising from a contract between the soldier and the government, which under certain circumstances inures to the benefit of the permitted class, including uncles and aunts of the deceased soldier. This right to take this property is by virtue of a contract between the United States govern
 
 *90
 
 ment and the soldier, and does not arise by reason of the statutes of descent and distribution of this state, even though the government has seen fit to distribute such fund through the agency of an administrator acting under the statutes of descent and distribution of the state of Ohio.
 

 It is reasonable to assume that the purpose of Congress in making the paym'ent to the administrator of the deceased soldier was for the benefit of the government, to relieve the government of the necessity of selecting and determining the next of kin of the deceased soldier to whom payment should be made, and to place his burden upon the administrator appointed in the state of the soldier’s residence. The administrator becomes a mere trustee or conduit for the government to make the payments to the persons entitled to the same under the provisions of the federal law. The intestate laws do not operate upon the decedent’s property, but are referred to in order to determine who shall take the proceeds of the insurance. Congress had a right to adopt the course of descent prevailing in the state of the residence of the soldier, and the proceeds of the insurance therefore pass under the federal act, the intestate laws of Ohio being adopted as a standard or guide for ascertaining the next of kin to whom payment shall be made.
 

 The provisions of Section 22 of the act of June 7,1924, providing for exemption from taxation, must dominate over the succession tax statutes of Ohio, because of the provision of Paragraph 2, Article VI of the United States Constitution, providing that:
 

 “This Constitution, and the laws of the United
 
 *91
 
 States which shall be made in pursuance thereof * # * shall be the 'supreme law of the land; and the judges in' every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding.”
 

 As was held by Chief Justice Marshall in
 
 M’Culloch
 
 v.
 
 Maryland,
 
 4 Wheat., 316, 436, 4 L. Ed., 579, 609: “The court has bestowed on this subject its most deliberate consideration. The result is a conviction that the States have ho power, by taxation, or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared.”
 

 Much stress is placed by counsel for plaintiff in error upon the cases of
 
 Plummer, Exr.,
 
 v.
 
 Goler, Compt.,
 
 178 U. S., 115, 20 S. Ct., 829, 44 L. Ed., 998, and
 
 Murdoch, Exr.,
 
 v.
 
 Ward,
 
 178 U. S., 139, 20 S. Ct., 775, 44 L. Ed., 1009, in which it is held that bonds of the United States, the property of a decedent, are subject to the state inheritance tax. Of course, such obligations reciting the ordinary relation of debtor and creditor between the government and the holder thereof are like any other property of a decedent, and pass as any other assets of his estate, and are therefore rightly subject to state inheritance tax. However, the proceeds of war risk insurance are a definite kind of property, differing from the ordinary property of a soldier’s estate, and are in the nature of a beneficence or gratuity, bounty or pension, affecting the rights of the soldier and his dependents, upon one side, and the government
 
 *92
 
 of the United States, as a part of its war policy, upon the other side. This distinct class of property by federal enactment is not subject to the claims of creditors, or taxation, and is solely for the benefit of the soldier and his dependents and next of kin. Such assets pass under and by virtue of the federal act, and the decisions in the cases of
 
 Plummer, Exr.,
 
 v.
 
 Coler, Compt., supra,
 
 and
 
 Murdock, Exr.,
 
 v.
 
 Ward, supra,
 
 do not relate to property of that character.
 

 Entertaining the view that Congress has power to provide for payment to the next of kin of the deceased soldier in such manner as it may determine, and that such proceedings, being for the benefit of dependents, constitute a special, distinct class of property, different from a general estate of a deceased soldier, such fund, by Section 22 of the Act, is exempt from the inheritance tax under the Ohio statute. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade, Robinson and Matthias, JJ., concur.