# IN RE ESTATE OF HARRY H. HARRIS.[1]

March 7, 1930.

No. 27,661.

G. A. *Youngquist,* Attorney General, and *John F. Bonner,* Assistant Attorney General in Charge of Inheritance Tax Matters, for the state.

*George L. Barnard* and *J. H. Fraine,* for respondent.

[1]Reported in 229 N. W. 781.

Olsen, C.

Certiorari to review an order of the probate court adjudging that no inheritance tax be imposed upon a fund in the hands of the administrator of the estate of Harry H. Harris, deceased.

Harris, a resident of this state, was a soldier in the late war. He died while in the service in November, 1919. He held a war risk insurance policy for $10,000, in which his mother was designated as the beneficiary. The insurance was payable in 240 monthly instalments. The mother as beneficiary received monthly payments up to the time of her death in August, 1928. There survived the mother three daughters, sisters of Harris. These sisters were then the next of kin and sole heirs of Harris and of his mother. After the death of the mother an administrator of the estate of Harris was appointed, and there was paid over to him the then value of the unpaid instalments under the insurance policy, amounting to $6,249. This sum, less some items of expense, the probate court awarded in equal shares to the three sisters of Harris and denied the application of the state to impose any inheritance tax thereon.

The federal law governing war risk insurance, so far as specially applicable to the question now presented, is found in U. S. C. Title 38, c. 10.

Section 511 of that chapter and title provides that the insurance, on death of the insured, shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law of the insured, or to any or all of them.

Section 454 provides that insurance payable under the act shall not be subject to the claims of creditors of any person to whom an award thereunder is made and shall be exempt from all taxation. It is made subject to claims of the United States against the insured arising under the insurance and compensation laws.

Section 512 provides that if the beneficiary designated in the policy survives the insured but dies before receiving all the instalments payable thereunder then there shall be paid to the estate of such beneficiary the present value of the remaining unpaid monthly instalments.

It may be noted that the next preceding clause of this section provides that if no beneficiary within the permitted class is designated by the insured in his lifetime or by will, or if the designated beneficiary does not survive the insured, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly instalments. It may also be noted that these insurance policies provide that in case the insured becomes totally disabled then the policy matures and the monthly payments are to be paid to the insured during the time he is so disabled.

The precise question presented is whether, upon the death of the beneficiary and the payment of the then value of the remaining unpaid instalments to the estate of the insured or to the estate of the beneficiary, the state is entitled to an inheritance tax upon the distributive shares going to the next of kin within the class to which the insurance money must be paid. On this question the authorities are in conflict. Some courts hold that the fund becomes the property of the estate of the deceased soldier and is to be treated as any other asset of the estate. Estate of Singer, 192 Wis. 524, 213 N. W. 479; Funk v. Luithle (N. D.) 226 N. W. 595. The New York courts, before exemption was provided by statute of that state, held that such funds were subject to the state inheritance tax and that the exemption from taxation provided by § 454 of the federal law, supra, applied only while the money was in the hands of the United States. In re Schaeffer's Estate, 130 Misc. 436, 224 N. Y. S. 305, and cases there cited. It was also there held that the inheritance tax not being a property tax the exemption did not apply.

The inheritance tax, while not a property tax, is nevertheless taxation and a tax, and is governed by many of the rules applied to property taxes. Farmers L. & T. Co. v. Minnesota, 280 U. S. 204, 50 S. Ct. 98, 74 L. ed. 190. In the case of Plummer v. Coler, 178 U. S. 115, 20 S. Ct. 829, 44 L. ed. 998, a state inheritance tax was imposed upon United States bonds bequeathed by will. The law under which the bonds were issued exempted the bonds from taxation in any form by or under state authority. It was there held that the exemption of the bonds from taxation by the federal law did not prevent the state from taxing the privilege of receiving

property under the state statute regulating the descent of the property of decedents by will or by statute. These conditions may be noted in reference to that case: That it was a transfer by will and the decision applies strictly only to transfers by will or by descent under the intestate statutes. The property transferred must come by will or by statute of descent from the decedent. Our inheritance tax law provides for taxing the transfer of property passing by will or by the intestate laws of this state from any person dying possessed of the property. There is the further provision, not here material, for imposing the tax upon gifts or grants made in contemplation of death. It is apparent of course that if the property transferred was not the property of the decedent and did not pass from him by will or intestate law, or by gift or grant in contemplation of death, there is nothing on which to impose the tax.

It seems to us that neither the deceased soldier nor the beneficiary in the insurance policy had any property right or title to the monthly instalments payable under the policy after the death of the insured and beneficiary. The insured had the right to designate a primary beneficiary in his lifetime or by will. He had designated such beneficiary in his lifetime and made no will. Our attention has not been called to any law giving the beneficiary power to dispose of future instalments by will or otherwise. Upon her death the unpaid instalments vested, not in her heirs under the law of descent of this state, but in the next of kin of the insured coming within the class to whom the federal law permitted the insurance to be paid. In order to determine who was then entitled to the unpaid insurance it was necessary to resort to the insurance contract and the federal law and not to the state statute of descent. In that situation the property in the unpaid instalments did not pass by will or intestate laws of this state upon the death of the insured or of this beneficiary.

The exemption considered in Plummer v. Coler, 178 U. S. 115, 20 S. Ct. 829, 44 L. ed. 998, was limited to the exemption of the bonds themselves from taxation. The exemption in § 454, supra, appears to have a somewhat different application. It provides, not

that the insurance policy shall be exempt from taxation, but that the insurance payable thereunder shall be exempt from all taxation, thus applying directly upon the payments to be made. In view of the purpose of congress to provide insurance, partly at government expense and in the nature of compensation, pension or bonus, partly for the benefit of the insured soldier, but largely for the benefit of his surviving dependents within the permitted class, it is no strained construction to hold that the legislative intent was to exempt the payments provided from all taxation, whether a property or an inheritance tax.

The law is well established that an inheritance tax is not a property tax, and that exemption from property taxes does not exempt from an inheritance tax; but congress no doubt has the power to exempt soldiers' compensation, pensions and allowances paid by the federal government even from inheritance taxes, particularly so where same are paid under contract to a particular class of beneficiaries and do not pass by will or under state intestate laws.

The case of McIntosh v. Aubrey, 185 U. S. 122, 22 S. Ct. 561, 46 L. ed. 834, cited in the Schaeffer case, 130 Misc. 436, 224 N. Y. S. 305, does not here apply. There real property was claimed to be exempt from debts of the owner because she had purchased same with money received by her as a pension as the widow of a deceased soldier. The exemption there considered was exemption from seizure or sale of money due or to become due as a pension while the same remained in the pension office or in the hands of any officer or agent of the pension office. The court held that the exemption applied only while the fund was in the course of transmission to the pensioner, and did not apply to property some time thereafter purchased by the pensioner with the pension money.

Counsel for the state, with commendable fairness, have cited leading cases holding that proceeds of war risk insurance paid over by the government to the administrator or estate of a deceased soldier are not subject to a state inheritance tax. Tax Comm. v. Rife, 119 Ohio St. 83, 162 N. E. 390; In re Cross' Estate, 152 Wash. 459, 278 P. 414; Wanzel's Estate, 295 Pa. 419, 145 A. 512; Watkins

v. Hall, 107 W. Va. 202, 147 S. E. 876. The case of Succession of Geier, 155 La. 167, 99 So. 26, 32 A. L. R. 353, may be added. In these cases the exemption is generally placed· on two grounds: First, that the exemption from taxation provided in § 454 of the war risk insurance act, supra, is applicable; second, that the persons entitled to the payments do not take as heirs of the deceased soldier or of the primary beneficiary, but take as beneficiaries under the war risk insurance act and under the contract between the government and the soldier. In the case of Tax Comm. v. Rife, 119 Ohio St. 83, 89, 162 N. E. 390, the court said:

"This right to take this property is by virtue of a contract between the United States government and the soldier, and does not arise by reason of the statutes of descent and distribution of this state. * * * The administrator becomes a mere trustee or conduit for the government to make the payments to the persons entitled to the same under the provisions of the federal law. The intestate laws do not operate upon the decedent's property, but are referred to in order to determine who shall take the proceeds of the insurance." On appeal in the same case, 27 Ohio App. 516, 521, 162 N. E. 398, 400, it is said: "In our view, the statute of the United States, which provides that this insurance shall be exempt from all taxation, controls."

In Succession of Geier, 155 La. 167, 169, 99 So. 26, 32 A. L. R. 353, the court said:

"The terms of the act are clear and unambiguous. Summarizing its provisions, there is a positive prohibition against all taxation on money paid out by the federal government under section 28, arts. 2, 3 and 4; and the insurance provision thereof is a contract between the United States, its agents, and the persons designated in the act as the beneficiaries of deceased service men. It is a bar to all state legislation which is in conflict with it."

The reference to section 28 here made is to the war risk insurance act in the Statutes at Large, which is now U. S. C. Title 38, c. 10, § 454.

If this court had not already construed the war risk insurance act the question presented might be considered new and open. We have however very recently handed down the opinion in the case of In re Estate of Hallbom, 179 Minn. 402, 229 N. W. 344. There the precise issue was whether the insurance money paid to the administrator was subject to the debts of the deceased. This court followed the Ohio, Pennsylvania, and other courts, holding that these insurance payments do not become a part of the estate of a deceased soldier or of his beneficiary; that they do not pass by the intestate laws of this state but go to the next of kin within the designated class by virtue of the contract and federal law; that the administrator is but a conduit or agent designated to transfer the fund to those entitled thereto; that the probate court is appointed to determine who within the permitted class are next of kin and entitled to the fund; and that this is only a matter of procedure for the convenience of the federal government in disbursing the money. The reasons for the decision are therein more fully stated and additional authorities cited. That decision controls this case.

The state quotes extracts from two letters written by deputy commissioners of internal revenue and assigns these as constructions placed by the United States veterans bureau upon the war risk insurance law. We are unable to give any controlling weight to these letters or to accept them as any definite rulings by the veterans bureau.

It is argued in the state's brief that it was error to pay this insurance to the administrator of the soldier's estate instead of to an administrator of the estate of the beneficiary, the mother. If there were any error in that regard the state was not prejudiced thereby and is not concerned.

The writ is discharged and the order of the probate court affirmed.