22067. HUNT, administratrix, *et al. v.* SLAGLE, for use, etc.

DECIDED JULY 29, 1932.

*Y. A. Henderson,* for plaintiffs in error.

*J. H. Paschall, T. H. Lang,* contra.

SUTTON, J.   Jim Wyatt was in the armed forces of the United States during the World War.   He took out a war-risk insurance policy on his life with the government, and named his mother as beneficiary.   He was killed in France.   After his death his mother drew monthly installments on said insurance during her life; and, upon her death before the full amount of the insurance had been paid, and in order to collect the unpaid balance in one lump sum, Mrs. J. J. Hunt duly qualified as administratrix on the estate of the deceased soldier.   Prior to his mother's death, Walt Wyatt, a brother of the deceased soldier, had brought a suit for damages against one Slagle, which he lost, and a judgment for costs was rendered against him.   He never paid this judgment, and garnishment issued thereon and was served upon said administratrix.   The deceased soldier left no spouse nor children surviving him.   The administratrix answered the garnishment, stating that she had funds in her hands belonging to Walt Wyatt, set up the foregoing facts in her answer, and asked direction of the court in the matter. The case was submitted to the superior court of Gordon county, without the intervention of a jury, upon the facts set up in the answer of the garnishee.   The trial court rendered judgment finding that the insurance money in the hands of the administratrix, to which Walt Wyatt was entitled as a brother of the deceased soldier, was subject to the process of garnishment in this case.   To this judgment the administratrix and Walt Wyatt excepted.

Section 511 of chapter 10, title 38, U. S. Code Annotated, provides that in order "to give to every . . enlisted man . . when employed in active service under the War Department . . protection for themselves and their dependents . . the United States . . shall grant United States government life-insurance," and that the insurance, on the death of the insured, shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law of the insured, or to any or all of them.   Section 454 of the above chapter and title provides that insurance payable under the act shall not be subject to the claims of creditors of any person to whom an award thereunder is made and shall be exempt from all taxation. Section 514 thereof provides that, if the beneficiary designated in

the policy survives the insured, but dies before receiving all the installments thereunder, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments.

The question for determination in this case is whether upon the death of the beneficiary and the payment of the then value of the remaining unpaid installments to the administratrix of the estate of the deceased soldier, an heir at law of the deceased soldier, within the permitted class of beneficiaries, takes as a beneficiary under the war-risk insurance policy. If he takes as a beneficiary under the policy, then, under section 454 of the above chapter and title of the United States Code and under the decision of the Supreme Court in *Payne* v. *Jordan,* 152 *Ga.* 367 (110 S. E. 4), his share in the proceeds of this insurance would not be subject to the process of garnishment.

Where war-risk insurance becomes payable to the estate of a deceased soldier, the proceeds are not assets of the estate as such, but the estate is a mere conduit for the payment of the fund to the persons designated by the federal statute. Fisher's Estate, 302 Pa. 516 (153 Atl. 736); Butler *v.* Cantley (Mo. App.), 47 S. W. (2d) 258. It seems to us that neither the deceased soldier nor the beneficiary designated in the insurance policy had any property right or title in the monthly installments payable under the policy after the death of the insured and the named beneficiary. The insured had the right to designate a primary beneficiary in his lifetime, which he did. Our attention has not been called to any law giving the beneficiary power to dispose of future installments by will or otherwise. The right to take this insurance money is by virtue of a contract between the United States government and the soldier, and does not arise by reason of the statute of descent and distribution of this State. The administratrix becomes a mere trustee or conduit for the government to make the payments to the persons entitled to the same under the provisions of the Federal law. The intestate laws do not operate upon the decedent's property, but are referred to in order to determine who shall take the proceeds of the insurance. The proceeds of this insurance do not pass by the intestate laws, but go to the next of kin within the designated class by virtue of the contract and the Federal law. The whole intent and purpose of the above statutes of the United

States is to exhaust the proceeds of this insurance for the benefit of those within the designated class, and so long as there are such persons they must take, not as heirs at law, but as beneficiaries under the war-risk insurance policy. Any other reasoning would be contrary to the text and import of the entire act of congress above set out. So we reach the conclusion that Walt Wyatt, one of the plaintiffs in error in this case, was entitled to a share in the proceeds of the insurance on the life of his deceased soldier brother, as a beneficiary under the war-risk insurance policy. Re Cross' Estate, 152 Wash. 459 (278 Pac. 414); Re Hallbom's Estate, 179 Minn. 402 (229 N. W. 345); Re Harris' Estate, 179 Minn. 450 (229 N. W. 781); Tax. Comm. v. Rife, 27 Ohio App. 516 (162 N. E. 398), affirmed, 119 Ohio St. 83 (162 N. E. 390); Watkins v. Hall, 107 W. Va. 202 (147 S. E. 876); Re Geier, 155 La. 167 (99 So. 26, 32 A. L. R. 353); Sutton v. Barr, 219 Ky. 543 (293 S. W. 1075); Cassarello v. U. S., 271 Fed. 486; Wilson v. Sawyer, 177 Ark. 492 (6 S. W. (2d) 825); Perrydore v. Hester, 215 Ala. 268 (110 So. 403, 405); Sorenson v. Security Bank, 121 Neb. 521 (237 N. W. 620); Butler v. Cantley, supra.

It follows that the proceeds of this insurance belonging to the brother of the deceased insured soldier in the hands of the administratrix of his estate was not subject to the process of garnishment issued upon a judgment obtained against the brother, and that the trial court erred in rendering judgment finding said funds subject thereto. *Judgment reversed. Jenkins, P. J., concurs.*

STEPHENS, J., concurring specially. Whether a payment made to the administrator of the deceased's estate as provided in section 514 of the act is payable to any person other than a designated beneficiary under section 511 of the act, the claimant nevertheless takes by virtue of the act, and the fund, under the provisions of section 454 of the act, is exempt from garnishment.