## 24857. GRANITE CITY BANK *et al. v.* BURT.

JENKINS, P. J. Under the recent decision of the United States Supreme Court in Pagel *v.* Pagel, 291 U. S. 473 (78 L. ed. 923), where the death of the designated beneficiary in a war-risk insurance policy occurs prior to the payment to him of all installments as provided by the policy, the remaining installments which become payable to the estate of the insured soldier are not exempt from the claims of creditors of the soldier, and therefore are subject to garnishment by such a creditor. In this decision the court said: "The language of the statute [U. S. Code, title 38, §§ 454, 511, 514] limits the exemption to 'any person to whom an award is made.' It is clear that the statute does not extend the exemption beyond the insured and beneficiary." This ruling, being the final authority in such a case (*White* v. *Roper*, 176 *Ga.* 180, 185, 167 S. E. 177), is decisive; and any previous decisions by the court of this State which might tend to the contrary must give way to what has been directly held by the ultimate authority. See *Payne* v. *Jordan*, 152 *Ga.* 367 (110 S. E. 4); *Hunt* v. *Slagle*, 45 *Ga. App.* 470, 472 (165 S. E. 287); *Earl* v. *Reynolds*, 49 *Ga. App.* 510 (176 S. E. 91); *Tolbert* v. *Tolbert*, 41 *Ga. App.* 737 (2) (154 S. E. 655). Therefore the court did not err, under the agreed statement of facts, in holding that the insurance funds were subject to the garnishment.

> *Judgment affirmed. Stephens and Sutton, JJ., concur.*
> DECIDED DECEMBER 21, 1935.

*Howard B. Payne,* for plaintiff in error.
*Clark Edwards Jr., W. D. Tutt,* contra.