In the Matter of the Transfer Tax upon the Estate of GEORGE H. SCHAEFFER, Deceased.*

*Surrogate's Court, Cortland County, September 6, 1927.*

Taxation — transfer tax — beneficiary under war risk insurance of decedent died — balance due on policy was paid to estate of decedent under World War Veterans' Act (43 U. S. Stat. at Large, 1302, chap. 553, § 303) — said proceeds are subject to transfer tax.

The decedent, a World War veteran, died in 1918 and the beneficiary under his war risk insurance policy died in 1925 leaving a balance due and payable to

---

* See, also, *Matter of Shaw* (130 Misc. 440).

the estate of the decedent under the World War Veterans' Act (43 U. S. Stat. at Large, 1302, chap. 553, § 303). The balance due under the insurance policy which was paid to the administrator of the decedent is subject to a transfer tax.

APPEAL by the State Tax Commission to the surrogate of Cortland county, pursuant to section 232 of the Tax Law, from the *pro forma* order entered by said surrogate in the above-entitled matter on February 26, 1927, which determined that said estate was not subject to transfer tax under the provisions of article 10 of the Tax Law.

*James F. Dougherty* [*Seth T. Cole* of counsel], for the appellant.

*E. L. Thompson*, for the respondent.

CHAMPLIN, S.    George H. Schaeffer died intestate on March 24, 1918, a resident of the county of Cortland, State of New York. Letters of administration upon his estate were duly issued by the Surrogate's Court of Cortland county on June 18, 1925, to Martha A. Stowell and May E. Sherman, sisters of the decedent.  Decedent was insured under a policy of war risk insurance issued by the United States pursuant to the War Risk Insurance Act (38 U. S. Stat. at Large, 711, chap. 293, Sept. 2, 1914, as amd.).  Said insurance was, pursuant to the provisions of said act, payable in monthly installments to a designated beneficiary, the mother of decedent, Martha Bowker.  This beneficiary died on January 22, 1925, and in accordance with the provisions of the World War Veterans' Act (43 U. S. Stat. at Large, 607, chap. 320, June 7, 1924, as amd. by 43 U. S. Stat. at Large, 1302, chap. 553, March 4, 1925), which superseded the War Risk Insurance Act, there was paid to the estate of the insured the sum of $7,528.66, representing the present value of the unpaid monthly installments of said insurance.

The balance remaining unpaid after the death of the designated beneficiary on the policy of war risk insurance on the life of this decedent was payable to his estate.  This is clearly set forth in the language of the World War Veterans' Act (43 U. S. Stat. at Large, 1302, chap. 553, § 303, March 4, 1925), under which payment was made to the estate of this decedent.  The statute has been judicially confirmed by Surrogate FOLEY of New York county in his opinion in *Matter of Ryan* (129 Misc. 248).  The Supreme Court of Wisconsin has held the same in *Matter of Singer* (192 Wis. 524; 213 N. W. 479).

The proceeds of insurance payable to the estate of the insured are subject to the transfer tax.  The principle is firmly established in New York State.  (*Matter of Knoedler*, 140 N. Y. 377; Gleason & Otis on Inheritance Taxation [4th ed.], 417.)

The provisions of the World War Veterans' Act of June 7, 1924 (43 U. S. Stat. at Large, 607, chap. 320, § 22), relating to the exemption from taxation of insurance payable thereunder, do not exempt the amount paid to the estate of this decedent from the transfer tax. The exemption applies to moneys payable under insurance policies only while such moneys are in the hands of the United States and does not extend to cover such moneys after they have been actually paid to the beneficiaries. (*McIntosh* v. *Aubrey*, 185 U. S. 122; *Bull* v. *Case*, 165 N. Y. 578.)

Even if the exemption from taxation specified in the World War Veterans' Act applied to the proceeds of insurance in the hands of the beneficiaries it would not exempt said proceeds when paid to the estate of a decedent from the transfer tax. Provision exempting property from taxation does not exempt the transfer thereof upon the death of the owner from the succession or transfer tax. The exemption applies to taxation upon the property itself and not to excise or privilege taxes imposed upon the transfer thereof at the death of the owner. (*Plummer* v. *Coler*, 178 U. S. 115.) That case held that bonds issued by the United States were subject to the New York State transfer tax.

In *Estate of Sternes*, the District Court of Wapello county, Iowa, held in an identical case that a transfer tax could be imposed. (Commerce Clearing House Inheritance Tax; etc., Service 1926–28, vol. III, p. 5096.) To the same effect are the rulings of the United States Bureau of Internal Revenue. (Prentice-Hall Inheritance Tax & Transfer Service, 1925–1927, vol. I, Federal Estate Tax section, p. 12170.)

The *pro forma* order entered herein should be reversed and an order entered taxing the amounts transferred to the several beneficiaries at the rates fixed by the Transfer Tax Law.