In the Matter of the Estate of FRANK DEAN, Deceased.

Surrogate's Court, Kings County, November 17, 1927.

**Taxation — transfer tax — unpaid monthly installments of war risk insurance become assets of estate distributable as such, except as to escheat — provisions of World War Veterans' Act (43 U. S. Stat. at Large, 613, chap. 320, § 22) do not exempt from State transfer tax transfers of such proceeds.**

Unpaid monthly installments of war risk insurance, which the provisions of section 303 of the World War Veterans' Act (43 U. S. Stat. at Large, 625, chap.

320, as amd. by Id. 1310, chap. 553) require to " be paid to the estate of the insured," become assets of the estate distributable as such, except as to escheat.

The provisions of the act (43 U. S. Stat. at Large, 613, chap. 320, § 22), exempting war risk insurance from taxation, do not exempt from the State transfer tax transfers of proceeds of war risk insurance from the estate of the deceased insured to those who may take in distribution of the estate.

APPEAL from order fixing transfer tax.

*William C. Foster,* for the administratrix.

*Harry M. Peyser* [*Seth T. Cole* of counsel], for the State Tax Commission.

WINGATE, S. The language used in section 303 of the World War Veterans' Act, 1924 (43 U. S. Stat. at Large, 625, chap. 320, as amd. by Id. 1310, chap. 553), in eliminating the restrictions as to the permitted class of beneficiaries who may take war risk insurance proceeds (U. S. Code, tit. 38, § 514), compels the construction that unpaid monthly installments which " shall be paid to the estate of the insured," become assets of the estate, distributable as such (except as to escheat) (*Matter of Ryan,* 129 Misc. 248; affd., 220 App. Div. 835; *Matter of Storum,* Id. 472; *Matter of Schaeffer,* 130 Misc. 436; *Matter of Meenan,* N. Y. L. J. Oct. 19, 1927), and that the provisions of the act exempting war risk insurance from taxation (43 U. S. Stat. at Large, 613, chap. 320, § 22; U. S. Code, tit. 38, § 454), do not exempt from the New York State transfer tax transfers of such proceeds from the estate of the deceased insured to those who may take in the distribution of such estate. (*Plummer* v. *Coler,* 178 U. S. 115; *Matter of Schaeffer, supra.*) The reasoning in *Matter of Shaw* (130 Misc. 440) and *Tax Commission of Ohio* v. *Rife* (Prentice-Hall Inheritance Tax Service, 1927–1929, vol. 2 [Ohio], p. 1009, ¶ 1014) seems not in accord with the opinion in *Plummer* v. *Coler* (*supra*). The appeal must be dismissed.