## Wanzel's Estate.

Argued January 14, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

420

*Joseph P. Gaffney*, with him *Henry Pleasants* and *Howard S. Okie*, for appellant.—The fund vested by the contract of insurance and acts of Congress in the soldier's mother, without seizin or possession in the soldier, and by express provisions of act of Congress, is "exempt from all taxation" and claims of creditors.

The interest of herself and the soldier's father, being by entireties, have vested absolutely in her as the survivor: Gillan's Exrs. v. Dixon, 65 Pa. 395, 398.

But the life interest (the beneficial interest) in the fund and the reversionary interest, having then already coalesced and vested absolutely in the mother as the sole surviving next of kin, this reversionary interest was not affected by the Act of 1925, since her title accrued as of the date of the soldier's death in 1918: Ogilvie's Est., 291 Pa. 326, 334; White v. United States, 270 U. S. 175, 180; Tax Commission of Ohio v. Rife, 119 Ohio, 43; Kates's Est., 282 Pa. 417; Kingston's Est., 28 W. N. C. 284; Clement's Est., 160 Pa. 391.

Insurance monies, though in the hands of an administrator of a decedent's estate, if really the property of an outsider, are not taxable: Murphy's Est., 21 Pa. Superior Ct. 384; Vogel's Est., 18 W. N. C. 242; French's Est., 10 Pa. D. & C. 65.

The war risk insurance is a federal instrumentality not taxable or destroyable by a state: M'Cullough v. Maryland, 4 Wheat. 316.

*J. Paul MacElree*, with him *Philip S. Moyer*, Deputy Attorney General, and *Thomas J. Baldrige*, Attorney General, for appellee.—Whoever may ultimately receive this fund, they do not receive it from the government (federal) as designated beneficiaries but as present distributees of the estate of the deceased soldier under the intestate laws of this State, and this fund is, there-

fore, subject to Pennsylvania inheritance tax: Ogilvie's Est., 291 Pa. 326; Shugars v. Chamberlain, 284 Pa. 200.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 4, 1929:

This is an appeal by the administratrix of the estate of a deceased soldier of the World War from a decree of the Orphans' Court of Chester County, upholding an assessment of a direct inheritance tax on unmatured installments of war risk insurance paid to the estate by the federal government. The insured soldier died October 4, 1918, intestate, unmarried and without issue, leaving a father who died March 12, 1926, and a mother, the designated beneficiary, who died June 13, 1927. The contract between the insured and the government was subject, by its own terms, to future acts of Congress amending it, and the fund here in question, on the facts of this case, became payable to the estate of the deceased soldier, for ultimate distribution "to such person or persons within the permitted class of beneficiaries as would, under the laws of [the soldier's] place of residence be entitled to [his] personal property in case of intestacy."

The question involved is whether, when such a fund is paid by the federal government to the estate of a deceased soldier, to be distributed in accordance with the intestate laws of the domicile of the decedent, the fund involved can be taxed by the State. In answering this question in the affirmative, the court below relied on our decision in Ogilvie's Est., 291 Pa. 326, and on two New York surrogate court decisions, namely, Schaeffer's Est., 224 N. Y. Supp. 305, and Dean's Est., 225 N. Y. Supp. 543.

As to the first of the above named cases, it is sufficient to say that no question of taxation was there involved; and as to the others, that we do not agree with the determination there reached. Our view agrees with the decision in Tax Commission of Ohio v. Rife, 119 Ohio 83,

162 N. E. 390; and since the facts there involved closely approximate those in the present case, we shall quote liberally from the opinion filed in that case.

In the case to which we have just referred, the facts were as follows: A soldier named Stewart had a war risk policy for $10,000, in which his mother was named as beneficiary; he was killed in action on October 28, 1918; the beneficiary was paid in monthly installments until February, 1920, when she died; the remainder of the principal due on the insurance was then paid to the administrator of the deceased soldier's estate, this fund constituting the decedent's entire estate; those entitled under the law of Ohio to the estate of the deceased soldier were his uncles and aunts. An Ohio state tax, assessed upon the right of succession, was set aside by the court of appeals (27 Ohio App. 516, 162 N. E. 398); the matter then went up to the Supreme Court of Ohio, which tribunal, affirming the order in queston, said: "It is well settled that an inheritance or succession tax is not a tax upon the property itself, but upon the right to succeed to the property...... The Act of Congress [provides that], 'If the designated beneficiary......survives the insured and dies prior to receiving all of the ......installments......, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable...... [and] ...... in cases when the estate of an insured would escheat under the laws of the place of his residence, the insurance shall not be paid to the state but shall escheat to the United States...... The compensation, insurance, and maintenance and support allowance......shall be exempt from all taxation.'...... This court, in Palmer v. Mitchell, Admr., 117 Ohio St. 87, 158 N. E. 187, held: 'Under section 303 of the Act of Congress approved March 4, 1925, if the designated beneficiary survives the insured, and dies prior to receiving all the installments ......, the present value of the insurance thereafter payable must be paid to the estate of the insured soldier,

and, in case of his intestacy, distributed according to the [state] law of descent and distribution in force at the date of the soldier's death.' Nowhere in the case of Palmer v. Mitchell......was the effect of the provisions ......of the federal act as to the exemption from taxation and freedom from claims of creditors considered. The only question then before this court was as to whom distribution should be made by the administrator of the soldier's estate...... [This is equally true of Ogilvie's Estate, relied upon by the court below in the instant case.] The question presented......did not involve the liability to a succession or an inheritance tax...... Does the fact that the United States Government has taken advantage of the statutes of descent and distribution of the state [of the residence of the soldier] to determine who shall receive the funds in question make such fund any less a payment direct by the United States to such beneficiaries, provided they are within the permitted class? It is to be noted that there shall be no escheat to the state......, as would be the case in the event of the state statutes controlling entirely...... The War Risk Insurance Act......provides for a payment arising from a contract between the soldier and the government, which, under certain circumstances, inures to the benefit of the permitted class [of beneficiaries]...... This right to take......is by virtue of a contract......and does not arise by reason of the statutes of descent and distribution of the state, even though the government [of the United States] has seen fit to distribute such fund through the agency of an administrator acting under the statutes of descent and distribution of the state...... It is reasonable to assume that the purpose of Congress in making the payment to the administrator of the deceased soldier was for the benefit of the government, to relieve the government of the necessity of selecting and determining the next of kin of the deceased soldier to whom payment should be made, and to place this burden upon the administrator ap-

pointed in the state of the soldier's residence. The administrator becomes a mere trustee or conduit for the government to make the payments to the persons entitled to the same under the provisions of the federal law. The intestate laws [of the state] do not operate upon the decedent's property, but are referred to in order to determine who shall take the proceeds of the insurance...... The [federal] exemption from taxation must dominate over the succession tax statutes of Ohio."

We shall quote another excerpt from Tax Commission of Ohio v. Rife, as amply covering a point of argument made in the instant case, that, since United States bonds held by a decedent's estate are subject to state inheritance tax, the same reasoning should make a war risk insurance fund, such as the one now before us, equally subject to inheritance tax. In disposing of this point, the Supreme Court of Ohio said: "Much stress is placed ......upon the case of Plummer, Exr., v. Coler, Compt., 178 U. S. 115,......and Murdock, Exr., v. Ward, 178 U. S. 139,......in which it is held that bonds of the United States, the property of a decedent, are subject to the state inheritance tax. Of course such obligations, reciting the ordinary relation of debtor and creditor, between the government and the holder thereof, are like any other property of a decedent and pass as any other assets of his estate, and are therefore rightly subject to state inheritance tax. However, the proceeds of war risk insurance are a definite kind of property, differing from the ordinary property of a soldier's estate, and are in the nature of a beneficence or gratuity, bounty or pension,......a part of [the federal government's] war policy...... This distinct class of property, by federal enactment, is not subject to the claim of creditors or taxation, and is solely for the benefit of the soldier, his dependents and next of kin. Such assets pass......by virtue of the federal act, and the decisions in...... Plummer, Exr., v. Coler,......and Murdock, Exr., v. Ward,......do not relate to property of that character."

We may also refer to the Geier Case, decided by the Supreme Court of Louisiana, 155 La. 167, 169, 99 So. 26. There, again, the mother of the soldier, the named beneficiary, died, and the fund became payable to the soldier's surviving father, brothers and sisters. The state claimed an inheritance tax. In deciding against this claim, the state Supreme Court said: "We must remember that the [War Risk Insurance Act] is a war measure, passed in the exercise of a power to which all other rights and powers are subservient...... [The act contains] a positive prohibition against...... taxation on money paid out by the federal government......, and the insurance provision thereof is a contract...... [Under this contract] the beneficiaries of deceased service men, who receive insurance money,......do not take as heirs; they come within the permitted class of beneficiaries, because they are the heirs at law or next of kin of the deceased service men, but......they take as such under the contract of insurance to the same extent and in the same manner as the beneficiary named in a policy of insurance would take in the event such beneficiary survived the insured."

The two cases above quoted from so amply cover all the points in the case before us, it would serve no useful purpose to further elaborate our reasons for the order we are about to make.

The decree appealed from is reversed; costs to be paid out of the fund.