## Cronin's Estate

*Walter L. Peake*, for administrator.

WAITE, P. J., March 23, 1932.—The only question arising in the distribution of this estate is whether the money ($2723.65) received by the administrator of this estate from the Erie Trust Company, administrator of the estate of Joseph E. Cronin, is subject to the transfer inheritance tax of Pennsylvania, the money so received being the present worth of the unpaid instalments on a certificate of war risk insurance issued by the Government to Joseph E. Cronin, World War veteran, his mother, the said Mary Cronin, being the beneficiary named in the policy. The whole amount of the policy not having been paid to the beneficiary in her lifetime, the estate of the deceased soldier was augmented by the present worth of the future payments, the amount paid by the Government to the executor of his estate, and in the administration thereof awarded by this court to the administrator of the estate of Mary Cronin, free of transfer inheritance tax.

Certificates of this kind are not gratuities from the Government, nor, strictly speaking, insurance policies, but partake somewhat of the nature of both. As was said by Mr. Justice Holmes, in White *v.* United States et al., 270 U. S. 175:

"The insurance was a contract, to be sure, for which a premium was paid, but it was not one entered into by the United States for gain. All soldiers were given a right to it and the relation of the Government to them if not paternal was at least avuncular. It was a relation of benevolence established by the Government at considerable cost to itself for the soldier's good."

The question as to whether the fund arising under this war risk insurance, when paid by the Federal Government to the estate of a deceased soldier, to be distributed under the intestate laws of the state of the domicile of the decedent, can be taxed by the state, has been decided in the affirmative in New York State:

Schaeffer's Estate, 130 Misc. 436, 224 N. Y. Supp. 305, and Dean's Estate, 131 Misc. 125, 225 N. Y. Supp. 543. In Ohio, Pennsylvania and some other states, this question has been, upon much better reason, as we believe, answered in the negative: Wanzel's Estate, 295 Pa. 419, citing Tax Commission of Ohio v. Rife et al., 119 Ohio 83, and quoting from Palmer et al. v. Mitchell, Admin'r, et al., 117 Ohio 87, 158 N. E. 187.

This is a well-considered conclusion in Pennsylvania, founded upon sound reason and justice to the estate of a deceased soldier and may be considered settled.

But a different question arises in the case at bar. Here the unpaid instalments of the war risk insurance on the life of Joseph E. Cronin, the beneficiary having died, were paid to the Erie Trust Company, administrator of his estate, and upon the audit of the first and final account in said estate, were distributed, in harmony with the rule in Pennsylvania above stated, without any deduction being made for the state transfer inheritance tax, to the administrator of the estate of Mary Cronin, his mother, the beneficiary named in the said policy.

No exceptions were taken to that decree by the deceased soldier's heirs at law, who are the children and also the heirs at law of Mary Cronin, whose estate is now before the court for audit and distribution. The balance of said war risk insurance so paid and distributed became a part of the estate of Mary Cronin. The question now raised by the administrator of that estate is as to the right to assess the transfer inheritance tax on the distribution of this fund, now a part of the estate of Mary Cronin.

It is contended by the administrator that this fund is not subject to said tax by reason of the fact that it arises out of the war risk insurance and is not a fund subject to any excise or transfer inheritance tax laws. With this we cannot agree. Mary Cronin was the ultimate distributee in the consummation of the original purpose of this war risk insurance fund, and when received by her estate it then became, in the distribution thereof, subject to taxation, the same as any other part of her estate.

True it is that the administrator or executor of the estate of a deceased soldier is a trustee or "conduit" through which the Federal Government makes payment to the person or persons ultimately entitled to the fund under the provisions of the Federal War Risk Insurance Law: Palmer v. Mitchell, Admin'r, et al., 117 Ohio 87, 158 N. E. 187, approved in Wanzel's Estate, 295 Pa. 419, 422, 423. The fund arising from the war risk insurance, when received into the estate of the deceased soldier, is earmarked and may be traced through its various agencies until it reaches its final destination in consummation of the original purpose of its creation: Fisher's Estate, 302 Pa. 516.

The badge of a nation's obligation to its soldiers protects it from liability for taxes, debts and all other obligations until it reaches its final destination. But when final distribution has been made, either by the Government directly or through the estate of the deceased soldier, either to the person ultimately entitled to it, or, when that person is dead, to the estate of that person, the functions of the deceased soldier's estate as a "conduit" ceases. The fund, having then reached its final destination in consummation of the original purpose for which it was created, is, as we have stated above, subject to taxation.

Final distribution of the fund in question was made when the court, in making distribution in the estate of Joseph E. Cronin, awarded the fund to the administrator of the estate of Mary Cronin. The fund then became a part of her estate, and in the distribution thereof is, in our opinion, subject to the state transfer tax of this Commonwealth, the same as any other part of her estate.

From Otto Herbst, Erie, Pa.