## Johnson's Estate

*S. A. Sisson,* for petitioner.

*McClintock & Beach,* contra.

*A. W. Mitchell,* for Marine National Bank, claimant.

WAITE, P. J., March 12, 1936.—Harvey DeGrane Johnson died intestate on January 25, 1935, leaving to survive him eight children, five sons and three daughters, his only heirs at law. Letters of administration were issued to Maurice Moore on March 5, 1935, and his first and final account is now before the court for audit and distribution.

Decedent formerly had another son, Carl Russell Johnson, who died intestate on October 11, 1918, while serving as an American soldier during the World War and after having taken out a policy of war risk insurance in which his father, Harvey DeGrane Johnson, was named as beneficiary and who was also the deceased soldier's only heir at law at the time of his death. The monthly instalments under this policy were paid to Harvey DeGrane Johnson during his lifetime and upon his death the present or commuted value of the remaining unpaid instalments of the insurance was paid to the estate of the deceased soldier and subsequently distributed to the father's estate. The amount so received was the sum of $2,180.50 and is included in this account for distribution.

There are acknowledged and unpaid claims against the decedent's estate as follows: Charles Phelps, Waterford, Pa., undertaker, $155, with interest from March 5, 1936; Marine National Bank, Erie, Pa., note for $159.90, with interest from May 22, 1933; Harris & Sargent, Albion, Pa., note $53.75; V. K. Worster, M.D., Waterford, Pa., account, $22.50; and Jesse D. Allen, Union City, Pa., account, $5.20. No other claims were presented at the audit.

Of decedent's eight children who survived him, Russell Andrew Johnson lived with his father and was dependent upon him for support. The guardian of this minor has presented a petition asking the court to set aside the usual exemption to said dependent member of decedent's family.

By an error in distributing Carl Russell Johnson's estate, one eighth of the amount of the war risk insurance was paid directly to Mrs. Mildred Kimmey, one of the heirs of Harvey DeGrane Johnson, and a sister of the deceased soldier. The amount so paid the administrator of Harvey DeGrane Johnson has been unable to recover for the estate and the question is raised whether or not she is entitled to any distribution in the father's estate.

It is urged by the administrator of the estate that the commuted value of this insurance received by the administrator for the estate of Harvey DeGrane Johnson cannot be used in the payment of decedent's debts nor in payment of the exemption to the dependent above referred to. With this we cannot agree.

Upon the death of a decedent the title to his personal property and also the title to his real estate so far as may be necessary for the payment of debts passes from decedent to his personal representative, that is, to his executor or administrator, as trustee for the purpose of the administration of the estate, paying decedent's debts and thereafter making distribution of the remaining property, if any, to legatees and heirs at law as provided in any last will and testament or, if intestate, according to the intestate laws of distribution: See Wood's Appeal, 92 Pa. 379, 392. It is true that payment made by the United States Government to a beneficiary named in a policy of war risk insurance is not subject to taxation or to attachment for the beneficiary's debts during his lifetime. But when, as here, the fund upon the death of the beneficiary has been paid to the estate of the deceased soldier and thereafter distributed to his heir at law as of the time of his death, the fund so received upon the heir's death and the fund having passed to the deceased heir's administrator is no longer the subject of any further exemption or limitation to be imposed by the United States Government as to its further distribution.

Harvey DeGrane Johnson, the decedent, did not receive this fund in his lifetime. It was never in his possession. It was paid by the Federal Government to the deceased soldier's estate and then distributed to this decedent's estate after his death, not as the beneficiary named in the policy but as the heir at law of the deceased soldier. The fact that the decedent was the beneficiary named in the policy and received the monthly instalments during his lifetime is merely a coincidence and immaterial now. He was the deceased soldier's only heir at law and his estate

would have received the commuted value of the remaining unpaid instalments under the policy upon the death of any other beneficiary whom the deceased soldier might have named as such in the policy. True, the distributees in the present estate, the heirs at law of the decedent, are his other children, who also are the brothers and sisters of the deceased soldier who would have received the insurance fund as heirs at law of the deceased brother had the father predeceased his soldier son. But they now inherit directly from the father and not from their soldier brother.

The attorneys for the estate have called to our attention the recent Act of Congress of August 12, 1935, 49 Stat. at L. 609, 38 U. S. C. §454a, which provides:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments."

This soldier died on October 11, 1918. The above-quoted amendment to the War Risk Insurance Act was enacted on August 12, 1933. Ordinarily the laws in effect at the time of a decedent's death determine the distribution of his estate, but the Federal Government, in passing the original act providing for war risk insurance and in the policies issued thereunder, reserved the right to amend the act from time to time. Because of this reserved right we cannot say that the above-quoted amendment is ex post facto: See Ogilvie's Estate, 291 Pa. 326, 330. But as this provision relates wholly to benefits and beneficiaries it has in our opinion no application to the instant case,

since the payment here was made not to the decedent as a beneficiary but to the administrator of his estate by reason of the decedent's being the deceased soldier's only heir at law at the time of his death.

In our opinion, when the remaining unpaid instalments on this insurance policy were paid to the estate of the deceased soldier and then distributed by his administrator to the estate of Harvey DeGrane Johnson, the deceased soldier's heir at law, the fund had then reached its final and ultimate destination so far as the Federal Government is concerned, and upon the heir's death no other exemptions or limitations as to its further distribution by his administrator can be imposed thereon by any enactment of the Federal Government. In the hands of the administrator of Harvey DeGrane Johnson this fund became liable for the payment of his debts and obligations and to distribution in the same manner as any other part of his estate under the intestate laws of Pennsylvania. If such exemptions from claims of creditors could be placed upon this fund in the hands of the administrator of Harvey DeGrane Johnson, we can see no reason why the same exemptions should not be further continued to any remaining part of the fund in the hands of the decedent's heirs at law and to their heirs ad infinitum. We therefore conclude that the commuted balance of this insurance policy paid by the Federal Government to the deceased soldier's estate and then distributed to the estate of Harvey DeGrane Johnson, his heir at law, and amounting to $2,180.50, is now a part of this decedent's estate and subject to payment of his funeral expenses and other just debts and obligations the same as any other part of his estate.

Out of the balance shown by the account there should be paid to the guardian of Russell Andrew Johnson the full sum of $500, the exemption to which he is entitled under section 12(a) of the Fiduciaries Act of June 7, 1917, P. L. 447.

Mrs. Mildred Kimmey having received from the estate of the deceased soldier a larger amount than she would be entitled to receive from the estate of the decedent, she is entitled to no further distribution out of the father's estate and should be required to repay to the estate the excess amount which she has received. She was not an heir of the deceased soldier and therefore is entitled to no part of his estate. Her only claim to any part of this fund is as one of the heirs of Harvey DeGrane Johnson. No transfer inheritance tax of this Commonwealth was or could be imposed upon this insurance fund passing from the estate of the deceased soldier to the estate of his heir at law: See Wanzel's Estate, 295 Pa. 419. But in the distribution of this estate of the heir, Harvey DeGrane Johnson, now before us, any part of the fund that remained and is included in the net value of the estate is subject to the transfer inheritance tax of Pennsylvania the same as any part of decedent's estate: See Cronin's Estate, 14 Erie 82.

The acknowledged and unpaid claims hereinbefore referred to are allowed and distribution is to be made to the claimants and to the heirs at law as set forth in the order and schedule of distribution to be filed herewith.