## Crowley's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*T. Henry Walnut*, for exceptant.

*T. McKeen Chidsey*, Attorney General, and *P. Gilman Spencer*, Special Deputy Attorney General, contra.

VAN DUSEN, P. J., November 7, 1947.—Under the regulations of the Secretary of the Treasury, bonds of the United States may be bought which are registered in the name of the owner "payable on death" to a third person. On the death of the owner, the United States will pay or transfer the bond to the beneficiary. The Commonwealth has assessed transfer inheritance tax with respect to such bonds upon the death of the owner; and the beneficiary, a resident of New Jersey, has appealed. The hearing judge has dismissed the appeal, and the matter is before us on exceptions.

The argument of exceptant is that the Commonwealth has no power to tax this transfer.

The transfer is accomplished, not by the laws of Pennsylvania and with the aid of our courts, but by the action of the obligor pursuant to its contract with decedent. It has often been said that the power of the State to lay inheritance taxes upon the transfer of property at the death of one of its citizens is derived from the fact that the right of inheritance depends upon State law, and that what the State gives it can take away at will by taxes. See Tack's Estate, 325 Pa. 545.

There are forms of death duties which cannot be justified on this simple ground. The United States collects death duties, but gives no aid by its laws to the passage of title at death. The State collects death duties on jointly owned property which passes by survivorship, on property conveyed in contemplation of death, and on property conveyed to take effect in possession or enjoyment at death. No help from the State cr court action is required to complete these transactions. The tax is justified as a tax upon what is in substance a testamentary act by a citizen of the State.

The transaction now under consideration is a gift to take effect in possession or enjoyment at the death of the donor. Decedent was a citizen of this State. The property, if intangible, was attached to his person, and if tangible it was in his possession. Decedent's testamentary acts with respect thereto may be taxed. It does not affect the nature of the transaction that the other party to the contract is the United States instead of a private person.

Wanzel's Estate, 295 Pa. 419, is cited by exceptant. This case concerned war risk insurance issued by the United States. It was not liable to creditors, and was exempt from State taxation, and was payable to the mother of the insured. On her death, the unmatured installments by the terms of the insurance became payable to the next of kin of the insured. There never was any property in the insured decedent with respect to these moneys, and no transfer from him to any one. The next of kin, like the mother, were beneficiaries by contract, not heirs.

Schmuckli's Estate, 341 Pa. 36, concerned adjusted service bonds, in which the veteran had some property, so that he could ask redemption in his lifetime, but which were exempt from claims of creditors, and from State taxation, and were payable to a named beneficiary, or to the veteran's estate. These bonds were intended as a gratuity to the veteran and his

dependents, and by no means had all the attributes of property. ". . . the estate was used as a mere conduit through which the gratuity was to pass to the ultimate donees thereof. The bonds, therefore, were not such part of the veteran's estate as would make them subject to a transfer inheritance tax." (p. 41.)

The bonds involved in this case were purchased for value by the owner, and have all the attributes of property, including liability to creditors and to taxation.

The exceptions are dismissed, and the opinion of the hearing judge is confirmed absolutely.