## Super Estate.

Argued November 24, 1967. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Charles F. Nahill,* Special Assistant Attorney General, with him *Francis J. Gafford,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1968:

The deceased died intestate leaving his estate as beneficiary of the proceeds of a National Service Life Insurance policy on his life. The Commonwealth then entered a claim for inheritance tax against these insurance proceeds. The administratrix of the estate resisted the claim and the court below, relying on *Beall Estate,* 384 Pa. 14, 119 A. 2d 216 (1956), sustained the administratrix. We disagree.

Under 72 Stat. 1229 (1958), 38 U.S.C. §3101 (1959),[1] certain attributes are accorded to veterans' benefits. This section provides in pertinent part as follows: "(a) Payments of benefits due or to become due under any law administered by the Veterans' Ad-

---

[1] Public Law 85-857, September 2, 1958, 72 Stat. 1105 et seq., enacted into law, Title 38 of the United States Code, entitled "Veterans' Benefits" and merely served to codify a prior federal act substantively identical to the present statute.

ministration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. . . ."

We held in *Wanzel's Estate,* 295 Pa. 419, 145 Atl. 512 (1929), that War Risk Insurance installments paid to a deceased soldier's estate were not subject to state inheritance tax. Our opinion relied heavily on *Ohio v. Rife,* 119 Ohio S. 83, 162 N.E. 390 (1928), wherein the Ohio Supreme Court, noting that Ohio's succession tax was an excise tax upon the right to succeed to property, held that the predecessor federal statute to 38 U.S.C. §3101 took precedence over Ohio's tax statute and exempted the insurance proceeds from taxation.

In 1939 the United States Supreme Court handed down its decision in *United States Trust Company v. Helvering,* 307 U.S. 57, 83 L. ed. 1104 (1939). The only question there decided was whether War Risk Insurance proceeds paid to the widow of a deceased veteran were includible in the gross estate for federal estate tax purposes. The estate relying upon the predecessor federal statute to 38 U.S.C. §3101 contended that the proceeds were exempt. In a footnote the Supreme Court introduced its consideration of the issue as follows: ". . . State courts have differed as to whether proceeds of War Risk Insurance are subject to death duties imposed by the States. See, for example, . . . Tax Commission v. Rife, 119 Oh. St. 83; 162 N.E. 390; Wanzel's Estate, 295 Pa. 419; 145 A. 512 . . . (holding these proceeds not subject to such excises); and . . . (contra). *In view of this fact and the importance of*

*an authoritative interpretation of the federal statutes involved, we granted certiorari. . . ."* (Emphasis supplied.)

The Supreme Court concluded that the statutory exemption from taxation of War Risk Insurance does not include immunity from federal estate taxes, pointing out that the federal estate tax is not a tax upon the property of the estate but rather an excise tax imposed upon the transfer of property.

Thereafter, we decided *Beall Estate,* supra, which held that the proceeds of a National Service Life Insurance policy payable to an otherwise insolvent estate of a deceased veteran were exempt from the claims of the deceased's creditors. We relied on the then predecessor statute to 38 U.S.C. §3101. The issue of inheritance taxation was not involved, and only in passing did we make an ambiguous reference that tax claims of the Commonwealth were also precluded from being paid out of the insurance proceeds by the federal act (citing *Wanzel's Estate,* supra). No reference was made to the decision of the United States Supreme Court in *United States Trust Company v. Helvering,* supra.

Of course, insofar as determining the rights of creditors, *Beall Estate* is correct. However, to the extent it intended to continue the rule of *Wanzel's Estate* and exempt the proceeds from inheritance tax, it conflicts with the authoritative ruling of the United States Supreme Court in the *United States Trust Company* case and cannot be followed.

The Pennsylvania inheritance tax is an excise tax on the succession to property at or by reason of death, and is not a tax on property. *Wright Estate,* 391 Pa. 405, 138 A. 2d 102 (1958). Accordingly, for present purposes it is identical to the federal estate tax and the Commonwealth may include the proceeds of the

National Service Life Insurance policy in computing its inheritance tax.

In arriving at this conclusion, we must indicate we are not accepting the Commonwealth's position that the mere inclusion of §304 in the Inheritance and Estate Tax Act of 1961[2] is sufficient to warrant a change in the rule set forth in *Wanzel's Estate* and apparently reaffirmed in *Beall Estate*. To adopt such a position would be in direct contravention to the United States Constitution, Art. VI, §2, which provides in essence that no state statute can take precedence over a contrary federal act. However, since we have a final ruling by the United States Supreme Court that the federal statute involved does not prevent the imposition of state inheritance taxes, *Wanzel's Estate* cannot now be permitted to remain as the law and is overruled. The proceeds of the insurance policy being payable to decedent's estate, §304 of the Act of 1961 permits the imposition of the tax. Our Court must, therefore, sanction that legislative determination since there is no inconsistent federal act present.

Decree reversed. Each party to bear own costs.

---

[2] Section 304 of the Inheritance and Estate Tax Act of 1961, 72 P.S. §2485-304, provides that National Service Life Insurance proceeds are exempt from inheritance tax *unless payable to the decedent's estate.*