## Kauffeld Estate

*Joseph C. Ralston,* for administrator.

*John M. Haverty* and *Charles B. Jarrett, Sr.,* for Commonwealth.

RAHAUSER, J., November 9, 1970.—Anna M. Kauffeld died June 18, 1969, a resident of Woodville State Hospital, Oakdale, Pa. She had been adjudicated an incompetent and the Union National Bank of Pittsburgh was the guardian of her estate. The Union National Bank of Pittsburgh was subsequently appointed administrator c.t.a. of the Estate of Anna M. Kauffeld. It filed its account as administrator c.t.a., on July 23, 1970 . . .

At the audit, the attention of the court was called to the fact that decedent, Anna M. Kauffeld, was the widow of a Spanish-American War veteran and that, as such, she had been paid a monthly pension in the amount of $65 by the Veterans' Administration.

After Mrs. Kauffeld became a resident of the Woodville State Hospital, payments were made to the

hospital on her behalf by the Social Security Administration. It was later determined that Mrs. Kauffeld was not entitled to the Social Security payments because she was receiving the aforesaid widow's pension from the Veterans' Administration as the widow of a deceased veteran of the Spanish-American War. Woodville State Hospital repaid the Social Security Administration, in part, but the said administration has presented a claim against decedent's estate for the balance of the money paid on behalf of Mrs. Kauffeld, in the amount of $592.95.

The Commonwealth of Pennsylvania has submitted a claim against this estate in the amount of $17,353.-85. There is, likewise, a claim of the Commonwealth of Pennsylvania for inheritance tax in the amount of $599.83.

The record indicates that the claim of the Commonwealth of Pennsylvania for the maintenance of Anna M. Kauffeld at the Woodville State Hospital, in the amount of $17,353.85, is a proper claim and it will be admitted. It, likewise, appears that the claim of the Social Security Administration against this estate, in the amount of $592.95, is a proper claim and it will, likewise, be admitted.

In view of the fact that the admitted claims against this estate total $17,946.80, and that the net balance for distribution is only $10,614.12, the estate is insolvent and the laws governing the distribution of the assets in an insolvent decedent's estate will have to be applied.

It appears from the record that $11,063.08, of the gross estate of this decedent was derived from the benefits paid to, or for her, by the Veterans' Administration of the United States Government. Such benefits are exempt from the claims of creditors either before or after receipt by the beneficiary under the terms of a Federal statute: 72 Stat. 1229, Pub. L. 85-857,

38 U. S. C. 3101, which reads, in pertinent part, as follows:

"(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary . . ."

This statute and its predecessor statute were designed to protect veterans, their estates and their dependents against creditors. See Super Estate, 428 Pa. 476; Beall Estate, 384 Pa. 14; Jones Estate, 15 Fiduc. Rep. 397.

The record in this estate indicates that, in addition to the benefits paid by the Veterans' Administration contained in the gross estate, there are also other assets in the amount of $2,498.83, which were available to pay claims against the estate.

Since the claims against the estate exceed the assets available to pay them, the estate is insolvent; and since there is a claim against this estate by the Social Security Administration, an agency of the United States Government, section 3466 of the Revised Statutes, 31 U.S.C.A. §191, is applicable. This section reads, in part, as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied . . ."

The auditing judge is of the opinion that the Federal statutes heretofore quoted should be applied equitably

under the particular circumstances of the case involved. Accordingly, the expenses of administration of this estate, in the amount of $2,347.79, and the funeral bill in the amount of $600, or a total of $2,947.79, will be charged against the benefits derived from the Veterans' Administration in the amount of $11,063.08, leaving a balance of $8,115.29 in the hands of the accountant from veterans' benefits.

The claim of the Social Security Administration, an agency of the United States Government, in the amount of $592.95, shall be allowed priority of payment under the provisions of section 3466 of the revised statutes, 31 U.S.C.A. §191, above quoted, against the $2,498.83 in this estate not derived from veterans' benefits.

The balance of the assets available for the payment of the general debts of decedent, viz., $1,905.88, will be awarded to the Commonwealth of Pennsylvania on account of its claim in the amount of $17,353.85.

The balance of the funds derived from benefits paid by the Veterans' Administration, viz., $8,115.29, will be distributed to William Kauffeld, Robert Kauffeld and John Kauffeld, legatees under the will of Anna M. Kauffeld, deceased.

A decree will be drawn in accordance with this opinion.