Mr. Joseph F. Dolan Executive Director Department of Revenue State Capitol Annex 1375 Sherman Street Denver, Colorado 80203
Dear Mr. Dolan:
QUESTION PRESENTED AND CONCLUSION
Pursuant to an inquiry from Lieutenant Colonel James A. Mundt at Fort Carson, you have requested my opinion on the question of whether dependency and indemnity compensation benefits, or the entitlement thereto, are subject to Colorado inheritance tax.
 It is my understanding that under 38 U.S.C. § 410 et seq., deaths entitling survivors to dependency and indemnity compensation must result from in-service activity or service-connected disabilities. These statutory provisions clearly state that such benefits are to be paid to the widow, the children and the parents of the deceased.
ANALYSIS
In 1975, the legislature repealed the entire section 9 (presently 39-23-107, C.R.S. 1973), and reenacted it to specifically include pension plans in which the decedent had a right to designate beneficiaries.
39-23-107(1), C.R.S. 1973, as amended, is as follows:
 Proceeds of insurance policies, annuities, pension and profit-sharing plans. (1) Proceeds of life insurance policies on the life of a decedent, in which he had any of the incidents of ownership, annuity contracts issued by life insurance companies which are owned by the decedent, and payments by reason of pension or profit-sharing plans in which the decedent had a right to designate beneficiaries whether or not the decedent contributed to the plan shall be taxable.
(Emphasis added.)
The primary question is whether a serviceman or veteran has a right to designate beneficiaries to receive dependency and indemnity compensation payments. It is my opinion that there is no right of the serviceman or veteran to designate beneficiaries. The statute is exclusive in establishing the beneficiaries, as well as establishing the amount of payment and under what conditions. Therefore under 39-23-107, C.R.S. 1973, as amended, these benefits are not subject to Colorado inheritance tax.
These particular benefits are to be distinguished from certain life insurance policies available to servicemen, where there may be a right to designate beneficiaries or other incidents of ownership. Similarly, other pension plans should also be distinguished where appropriate.
You should be advised that this opinion does not reach the issue of the effect of 38 U.S.C. § 3101 on the right of Colorado to impose its inheritance tax. This issue was raised in Lieutenant Colonel Mundt's letter of April 28, 1976. Because Colorado law provides a direct and determining answer in the specific situation, there is no need to reach an opinion on the federal statute.
However on a general basis, this office does not share the view expressed by Lieutenant Colonel Mundt that 38 U.S.C. § 3101 exemptsall benefits of the Veterans' Administration fromall taxation. See United States TrustCompany of New York v. Helvering, 307 U.S. 57,59 S.Ct. 692, 83 L.Ed. 1104 (1939); In re Estate of Peter Super,Jr., Deceased, 239 A.2d 380, 428 Pa. 476 (1968);In the Matter of the Accounting of John J. Breen asAdministrator of the Estate of Joseph J. O'Brine,also known as Joseph Ziegler,Deceased, 332 N.E.2d 326, 37 N.Y.2d 81 (1975). Any interpretation of this statute as it affects the Colorado inheritance tax should be made on the basis of the specific facts in a given situation.
SUMMARY
To summarize, it is my opinion that dependency and indemnity compensation benefits under 38 U.S.C. § 410 et seq., are not subject to the Colorado inheritance tax.
Very truly yours,
 J.D. MacFARLANE Attorney General
INHERITANCE TAXATION AND REVENUE RETIREMENT SYSTEMS
C.R.S. 1973, 39-23-107(1)
38 U.S.C. § 3101
38 U.S.C. § 410
REVENUE, DEPT. OF Inheritance Tax
Military dependency and indemnity benefits under 38 U.S.C. § 410et seq. are not subject to state inheritance tax.